UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JASON MARTIN & SONJA MARTIN, | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | * Civil Action No. 1:22-cv-12180-IT |
| | * |
| SPS (SELECT PORTFOLIO) SERVICING, | * |
| INC.; ROCKLAND TRUST CO.; AND | * |
| DOES 1-20, INCLUSIVE, | * |
| | * |
| Defendants. | |

MEMORANDUM & ORDER

February 10, 2023

TALWANI, D.J.

Pending before the court is Plaintiffs Jason and Sonja Martin's Motion for a Preliminary Injunction ("Motion") [Doc. No. 9] to enjoin a foreclosure sale of the property located at 6 Nemasket Street, Middleboro, Massachusetts (the "Property"). Defendant Select Portfolio Servicing, Inc. ("SPS") opposes the Motion on the grounds that the claims included in the Complaint [Doc. No. 1-1] are barred by res judicata and that the Complaint [Doc. No. 1-1] fails to state a claim upon which relief can be granted. See SPS's Memorandum in Opposition ("Mem. in Opp'n") [Doc. No. 16]. For the reasons that follow, the Motion is denied.

## I. Background

### A. *Prior Litigation*

On June 30, 2020, the Martins brought an action against, among others, Mortgage Electronic Registration Systems, Inc. ("MERS"), The Bank of New York Mellon as Trustee for CWABS, Inc. Asset-Backed Certificates, Series 2006-8 (the "Trust"), SPS, and Rockland Trust Co. in Plymouth County Superior Court (the "2020 Litigation"). See Notice of Removal, Compl.,

20-cv-11447 [#1-1]. The Martins asserted claims for unlawful foreclosure and lending practices related to the Property. Id. Specifically, the Martins alleged in relevant part (i) the Trust's chain of title to the mortgage on the Property (the "Mortgage") was improper (Count A); (ii) SPS and the Trust lacked standing to foreclose (Count B); (iii) wrongful foreclosure (Count C); (iv) that MERS improperly held and assigned the Mortgage (Counts D, E & F); (v) violations of the Real Estate Settlement Procedures Act Early Intervention Requirement ("RESPA"), 1 U.S.C. § 2601, *et seq.* (Counts G & L); (vi) fraud in the concealment (Count H); (vii) intentional infliction of emotional distress (Count I); (viii) declaratory relief related to the then-scheduled foreclosure sale of the Property (Count J); and (x) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.* (Count K).

SPS, the Trust, and MERS removed the 2020 Litigation to federal district court, see Notice of Removal, 20-cv-11447 [#1-1], and jointly moved to dismiss the 2020 Litigation for failure to state a claim, see Mot. to Dismiss, 20-cv-11447 [#7].

In September 2020, the court granted the unopposed motion and dismissed the 2020 Litigation with prejudice. See Elec. Order, 20-cv-11447, [#13]. With respect to Rockland Trust Co., the court dismissed all claims where "Plaintiffs have not alleged that [Rockland Trust Co.] ever attempted to foreclose upon their property, and to the extent they mean[t] to assert non-foreclosure-based claims (e.g., fraud or payment of improper fees under RESPA), they fail[ed] to plead sufficient facts to establish any plausible entitlement to relief." Id.

The court also dismissed all of Plaintiffs' claims against the Trust and SPS. In doing so, the court rejected Plaintiffs' challenge to the validity of the title to the Mortgage and related loan held by the Trust. Id. Specifically, the court found that (i) "contrary to plaintiffs' suggestion otherwise, Massachusetts law allows for a mortgage to be split from a note"; (ii) "MERS was a

proper mortgagee and could assign the mortgage to [the Trust] under these circumstances"; and (iii) "although the [c]omplaint challenges the securitization of plaintiffs' mortgage, plaintiffs have not actually identified any contractual provision or authority from this jurisdiction prohibiting securitization let alone that improper securitization would have any impact on the enforceability of the mortgage and note against plaintiffs." Id. The court also rejected Plaintiffs' claims that defendants did not comply with certain procedural requirements, such as failure to negotiate with them regarding the terms of a loan modification or to comply with federal disclosure requirements, finding that Plaintiffs did not adequately state a claim under RESPA or TILA. Id.

B. *Pending Litigation*

On December 6, 2022, the Martins brought the pending action challenging the foreclosure of the Property against Defendants SPS and Rockland Trust Co. in Plymouth County Superior Court.[1] In the Complaint [1-1], the Martins allege: (i) intentional infliction of emotional distress (Count I); (ii) slander of title under Mass. Gen. Laws c. 93A (Count II); (iii) violation of the Massachusetts Consumer Protection Act ("MCPA"), Mass. Gen. Laws c. 93A (Count III); (iv) slander of credit (Count IV); (v) violation of TILA (Count V); and (vi) violation of RESPA (Count VI).

On December 21, 2022, SPS removed this action to federal court. See Notice of Removal [Doc. No. 1].

---

[1] At the February 10, 2023 hearing on the Motion, the Martins and Rockland Trust Co. stipulated to a voluntary dismissal of all claims against Rockland Trust Co. See Elec. Clerk's Notes [Doc. No. 25].

On January 9, 2022, the Martins filed the pending Motion [Doc. No. 9] with no evidentiary support other than a letter dated January 5, 2023, from SPS to the Martins that referenced the account with SPS and various payment options, see Letter, [Doc. No. 9-2].[2]

SPS opposed the Martins's Motion and filed a declaration, which included various documents from the Plymouth County Registry of Deeds related to the Property, the complaint filed in the 2020 Litigation, and the docket from the 2020 Litigation. See Mem. in Opp'n [Doc. No. 16]; Declaration [Doc. No. 17]; Exhibits [Doc. Nos. 17-1 through 17-12].

## II.  Statement of Law

"[A] plaintiff seeking a preliminary injunction must establish that [1] he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011). "Though each factor is important, we keep in mind that '[t]he sine qua non of this four-part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity.'" Sindicato Puertorriqueno de Trabajadores v. Fortuno, 699 F.3d 1, 10 (1st Cir. 2012) (quoting New Comm Wireless Servs., Inc. v. SprintCom, Inc., 287 F.3d 1, 9 (1st Cir. 2002)). "To demonstrate likelihood of success on the merits, plaintiffs must show 'more than mere

---

[2] The Martins initially filed the Motion as an ex-parte motion for a temporary restraining order, seeking emergency relief to enjoin a January 10, 2022 foreclosure sale of the Property. See [Doc. No. 9]. After SPS provided notice that the foreclosure sale had been postponed from January 10, 2023, to February 14, 2023, see Elec. Order [Doc. No. 12]; Notice of Foreclosure Sale Postponement [Doc. No. 13], the court provided the Defendants an opportunity to respond and scheduled the matter for hearing as a motion for a preliminary injunction.

possibility' of success—rather, they must establish a 'strong likelihood' that they will ultimately prevail." Id. (quoting Respect Maine PAC v. McKee, 622 F.3d 13, 15 (1st Cir. 2010)).

### III. Analysis

#### A. *Res Judicata*

SPS contends that the Martins fail to establish a likelihood of success on the merits where they are attempting to relitigate challenges to the foreclosure of the Property that either were or could have been adjudicated in the 2020 Litigation and are thus barred by the doctrine of res judicata. Mem. in Opp'n 7-9 [Doc. No. 16].

"Under Massachusetts law, '[c]laim preclusion makes a valid, final judgment conclusive on the parties and their privies, and prevents relitigation of all matters that were or could have been adjudicated in the action.'" Goldstein v. Galvin, 719 F.3d 16, 22 (1st Cir. 2013) (quoting Kobrin v. Bd. of Regist. in Med., 444 Mass. 837, 832 N.E.2d 628, 634 (2005) (alterations in original)). "Three elements must be satisfied to trigger the application of this doctrine: the parties to the prior and present actions must either be identical or in privity; the causes of action must arise out of the same nucleus of operative fact; and the prior action must have produced a final judgment on the merits." Id.

The first element of res judicata is met where the Martins and SPS were parties to the 2020 Litigation. The third element is also met where the 2020 Litigation resulted in a final judgment on the merits concerning the Martins's challenge to the foreclosure of the Property. See Swaida v. Gentiva Health Servs., 238 F. Supp. 2d 325, 328 (D. Mass. 2002) ("[T]he dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'") (quoting Federated Department Stores, Inc. v. Moitie, 452 U.S. 394, 399, 101 S. Ct. 2424 (1981)).

With respect to the second element of res judicata, to the extent that Martin raised or could have raised claims related to the foreclosure of the Property in the 2020 Litigation, the adjudication of the 2020 Litigation bars such claims from being raised in this action. "Although [plaintiffs] may phrase certain allegations and claims differently in each litigation, the causes of action 'grow[ ] out of the same transaction, act, or agreement, and seek[ ] redress for the same wrong.'" Yen Yi. Liu v. Verizon New England Inc., 2018 WL 4471716, at *4 (D. Mass. Sept. 18, 2018) (quoting Willett v. Webster, 148 N.E.2d 267, 271 (Mass. 1958)).[3]

Accordingly, to the extent that the Martins's claims are based on events that occurred before judgment entered in the 2020 Litigation, such claims are barred by res judicata.

B. *Claims Based on Events After the 2020 Litigation Commenced*

SPS further contends that the Martins fail to establish a likelihood of success on the merits where the Complaint [1-1] fails to satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure by pleading "little more than the fact that the Martins (i) executed the Loan, (ii) defaulted on the Loan, and (iii) are now facing foreclosure." Mem. in Opp'n 6-7 [Doc. No. 16].

---

[3] Courts dispute whether plaintiffs have a duty to amend their complaints to add claims arising during the course of litigation. See, e.g., Lundquist v. Rice, 238 F.3d 975, 978 (8th Cir. 2001); Curtis v. Citibank, 226 F.3d 133, 140 (2d Cir. 2000) ("The crucial date is the date the complaint was filed. The plaintiff has no continuing obligation to file amendments to the complaint to stay abreast of subsequent events; plaintiff may simply bring a later suit on those later-arising claims"); Manning v. City of Auburn, 953 F.2d 1355, 1360 (11th Cir. 1992); Spiegal v. Cont'l Ill. Nat'l Bank, 790 F.2d 638, 644-46 (7th Cir. 1986). But see Monterey Plaza Hotel Ltd. P'ship v. Local 483, Hotel Employees, 215 F.3d 923, 927-28 (9th Cir. 2000) ("the doctrine of res judicata bars the relitigation of all events which occurred prior to entry of judgment, and not just those acts that happened before the complaint was filed"). As Plaintiffs do not identify any claims that arose after the filing of the complaint in the 2020 Litigation, the court need not make a determination as to whether a claim arising during the pendency of that litigation would be barred by res judicata.

Rule 8(a)(2) provides that "[a] pleading that states a claim for relief must contain in relevant part: . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Upon review of the Complaint [1-1], the court finds that to the extent that any of Martins's claims are not barred by res judicata, the complaint fails to allege any facts that show an entitlement for relief under the claims brought. Moreover, at the February 10, 2023 hearing on the Motion, the Martins did not provide any additional facts to support any claims after the 2020 Litigation.

Accordingly, the court finds that the Martins are unlikely to succeed on the merits of their claims.[4]

## IV. Conclusion

For the foregoing reasons, the Martins's Motion for a Preliminary Injunction [Doc. No. 9] is DENIED.

IT IS SO ORDERED.

February 10, 2023                              /s/ Indira Talwani
                                               United States District Judge

---

[4] The court need not reach the remaining elements for a preliminary injunction where the Martins are unlikely to succeed on the merits.